**Ulises VILLALVASO–LUGO,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–71037.

United States Court of Appeals,
Ninth Circuit.

Submitted April 15, 2004.*

Decided Sept. 13, 2004.

Daniel E. Chavez, Esq., Law Offices of Daniel E. Chavez, Petaluma, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

na Niguel, CA, OIL, David V. Bernal, Ernesto H. Molina, Jr., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

■ Pursuant to 8 C.F.R. § 1003.4, "[d]eparture from the United States of a person who is the subject of deportation proceedings subsequent to the taking of an appeal, but prior to a decision thereon, shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken." It is undisputed that Villalvaso left the United States after appealing his deportation order, but before the BIA handed down its decision. By leaving the United States, Villalvaso withdrew his appeal, thereby rendering his deportation order final and terminating his legal permanent resident (LPR) status. *See* 8 C.F.R. § 1001.1(p). Without LPR status, Villalvaso is ineligible for a § 212(c) waiver of deportation. *See INS v. St. Cyr,* 533 U.S. 289, 295, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

Our decision in *Aguilera–Ruiz v. Ashcroft,* 348 F.3d 835, 836 (9th Cir.2003) confirms this conclusion. In *Aguilera–Ruiz,* we held that "8 C.F.R. § 1003.4 has no exception for 'brief, casual, and innocent' departures. No basis appears for engrafting one onto it[.]" *Id.* at 838. Thus, "[v]oluntarily leaving the country under an order of deportation amounts to self-deportation because it executes the order."

*Id.* And because "the plain language of the regulation controls ... *any* voluntary departure from the United States following entry of an order of deportation will be deemed to withdraw a pending appeal and to render the order of deportation final[.]" *Id.* at 839. (emphasis in the original).

We recognize that we recently held in *Martinez-de Bojorquez v. Ashcroft,* 365 F.3d 800 (9th Cir.2004), that "the application of 8 C.F.R. § 1003.4 without any notice whatsoever constitute[s] a violation of due process." *Id.* at 806. Unlike the petitioner in *Martinez-de Bojorquez,* however, Villalvaso did not raise a constitutional argument on appeal, and does not contend that he was never warned about the severe effect of even a brief departure from the United States. *Cf. id.* at 803. Consequently, *Martinez-de Bojorquez* is inapplicable to this case.

Villalvaso's reliance on *Butros v. INS,* 990 F.2d 1142 (9th Cir.1993) (en banc) is also misplaced. In *Butros,* we held that "as long as the [BIA] may reconsider or reopen [a] case, the status of the petitioner in that case for purposes of section 212(c) relief has not been finally determined for purposes of action by the Board." *Id.* at 1145 (citation omitted). In this case, however, the BIA erroneously granted Villalvaso's Motion to Reopen—an understandable mistake given that Villalvaso's August 1993 departure remained undiscovered at that time. But under 8 C.F.R. § 1003.2, the BIA could not, in fact, reopen Villalvaso's case. Thus, by temporarily leaving the United States, Villalvaso withdrew his appeal, which rendered his deportation order final, terminated his LPR status, *and* barred him from filing a motion to reopen. *See* 8 C.F.R. § 1003.2(d).

■ Villalvaso also contends that 8 C.F.R. § 1003.4 is a legislative, rather

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

than an interpretive, rule and is thus subject to the notice and comment procedures of the Administrative Procedure Act. The INS's failure to comply with these procedures, he argues, renders § 1003.4 invalid. Given Villalvaso's failure to raise this argument before the IJ or the BIA, we cannot reach the merits of this claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004)

Lastly, Villalvaso contends that he raised new issues before the BIA, and that, therefore, summary affirmance was inappropriate in this case. However, the "new" issues he identifies were raised before *both* the IJ and the BIA. Moreover, recent cases foreclose Villalvaso's claim that the BIA violated his due process rights by summarily affirming the IJ's decision. *See, e.g., Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 n. 3 (9th Cir.2004).

**PETITION DENIED.**